IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DIVELBISS & BONZELL, LLP,

        Plaintiff,

  v.

LUCIENNE HUNTER, et al.,

        Defendants.
_____/

No. C 12-2583 RS

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT**

This action was filed in 2005 in Alameda Superior Court, asserting claims under state law for breach of contract and fraud. Defendants removed, contending that removal jurisdiction exists on grounds that the complaint "presents federal questions" and/or that their own pleadings raise issues requiring a determination of their rights and plaintiff's duties under federal law. That defendants may believe they have defenses or affirmative claims against plaintiff implicating federal law is not a sufficient basis to support removal jurisdiction on federal question grounds. The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* at 830. Thus, the fact that a federal question may be implicated through matters raised by demurrer, answer, or counterclaim is insufficient.

Additionally, defendants' conclusory assertion that the complaint "presents federal questions" is not tenable. The complaint plainly asserts only state law claims.

Accordingly, no basis for jurisdiction appears. No later than June 15, 2012, defendants shall file a brief setting out any arguments they may have as to why this matter should not be remanded to Alameda Superior Court. Plaintiff may file a response within 7 days of the filing of any such brief by defendants. The matter will then be submitted without oral argument.[1]

IT IS SO ORDERED.

Dated: 5/24/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] The notice of removal also appears to have been untimely. If plaintiff does not elect to waive that procedural defect, it should file a timely motion for remand raising the issue. Any such motion will only be heard if the matter is not earlier remanded for lack of removal jurisdiction.