IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DIVELBISS & BONZELL, LLP,

        Plaintiff,

  v.

LUCIENNE HUNTER, et al.,

        Defendants.

_____/

No. C 12-2583 RS

**ORDER REMANDING ACTION TO STATE COURT**

    Plaintiff, a law firm, filed this action in 2005 in Alameda Superior Court, alleging that its former clients had failed to pay it fees for services rendered in representing them in certain state court litigation. Plaintiff's claims sound in breach of contract and fraud. After various delays arising from bankruptcy proceedings and a fee arbitration, litigation recommenced in 2011, and trial was set for May of 2012. On May 18, 2012 *pro se* defendants Lucienne Hunter and Kevin Smith filed a notice of removal.

    This Court issued an order to show cause as to why the case should not be remanded for lack of any basis for removal jurisdiction. Plaintiff thereafter filed a motion for remand, asserting both that there was no jurisdictional basis for the removal, and that the removal was untimely. Plaintiffs have filed a response to the order to show cause, and opposition to the remand motion.[1] Pursuant to

---

[1] Defendants' requests for extensions of time in which to file their responses were granted. When defendants encountered difficulties efiling their opposition to the remand motion, the Court waited until a paper copy was received and scanned into the system prior to taking up the matter.

Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument, and the hearing date for plaintiff's motion has been vacated.

Defendants contend this action was properly removed either on the basis of the existence of a federal question or on grounds of diversity of citizenship. Neither argument is tenable. Defendants are correct that the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[2] They argue that plaintiff's complaint, prepared on California Judicial Council forms, is defective in several respects, fails to state a claim, and should have included various other material. None of defendants' contentions, however, support a conclusion that plaintiff has artfully pleaded to avoid any federal question underlying any of its claims. Defendants insist that because plaintiff seeks a sum of money that includes interest, a federal question of "usury" is implicated. Any issue of "usury," however, would at most be a matter to be raised in defense; it forms no part of the purely state law claims for breach of contract and fraud advanced by plaintiff.

Defendants further argue that the complaint artfully conceals the existence of diversity, in that additional non-California parties are involved. Even assuming additional plaintiffs and/or defendants from outside the state were necessary parties, that would not give rise to diversity jurisdiction, as *complete* diversity is required. *See Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996) (diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.") Additionally, even if there were complete diversity, there would still be no right of removal, because forum residents, such as defendants, may not rely on diversity of citizenship to effect a removal. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. N.D. Cal. (Altec Indus., Inc.),* 393 F.3d 867, 870 (9th Cir.2004) ("[Diversity actions] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

Finally, the notice of removal was not timely-filed in any event. Even if defendants were correct that the 30 day period for removal was "tolled" during some periods of time, there is no

---

[2] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2.

basis to support a conclusion that it had not long-since expired by the date on which they finally sought to remove the action. Accordingly, this action is hereby remanded to Alameda Superior Court.[3]

IT IS SO ORDERED.

Dated: 7/18/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's request to recover its fees incurred in connection with the removal is denied. While the record supports a strong inference that defendants were primarily motivated to file the removal as a means of delaying the impending trial, it is not entirely clear that they lacked a subjective belief that they had a legal right to do so. In light of defendants' *pro se* status, the circumstances do not warrant a fee award, although the issue is close.